## MATTER OF PAJARILLO

### In Visa Petition Proceedings

### A-18419619

*Decided by Board May 31, 1968*

Since the first marriage of petitioner, a native and citizen of the Philippines, to a Filipino, contracted in the Philippine Islands, was terminated by a valid and absolute divorce obtained by the first wife in Hawaii in 1963 at which time both petitioner and the first wife were and had been long prior to the divorce permanent residents of the United States, his subsequent marriage in the Philippines in 1964 to beneficiary, a native and citizen of the Philippines, is valid to accord her preference status under section 203(a)(2) of the Immigration and Nationality Act, as amended, notwithstanding petitioner's failure to disclose his prior marriage.

ON BEHALF OF PETITIONER: Arthur S. Komori, Esquire
P.O. Box 402
Lihue, Kauai 96766

The case comes forward pursuant to certification by the District Director, Honolulu District, dated March 27, 1968 ordering that the revocation proceedings instituted on December 21, 1967 be terminated and further ordering that the visa petition be approved.

The petitioner, a native and citizen of the Philippines, 47 years old, male, a lawfully admitted permanent resident of the United States since March 15, 1946, seeks preference status under section 203(a)(2) of the Immigration and Nationality Act on behalf of the beneficiary as his wife. The beneficiary is a native and citizen of the Republic of the Philippines, 44 years of age. The parties were married in a Catholic church ceremony on September 2, 1964 at Santisimo Rosario, Manila, Republic of the Philippines. The petitioner was married once previously. The file does not disclose the date or place of his prior marriage. The prior marriage of the petitioner was terminated by an absolute decree of divorce granted by the Fifth Circuit Court in Lihue, Hawaii on April 5, 1963. (The wife in the divorce proceedings was granted custody of two daughters, born October 13, 1951 and June 8,

743

1953 while the husband was granted custody of a son born February 10, 1945.) The visa petition was approved by the District Director on November 28, 1966.

In a letter dated November 2, 1967 (Ex. 1) a Vice Consul at the American Embassy in Manila requested further consideration of the approval of the visa petition. It was pointed out that the marriage contract between the petitioner and beneficiary indicated that the petitioner was single as contrasted from divorced or widowed; that the beneficiary stated that her husband had originally been married in the Philippines, was divorced in Hawaii on April 5, 1963 and returned to the Philippines where he married the beneficiary on September 2, 1964. The visa petition indicates that the beneficiary will reside in Eleele, Kauai, Hawaii. The Vice Consul concluded that a material fact was misrepresented by the petitioner in order to contract the present marriage; that the marriage is not recognized by Philippine law inasmuch as divorce is not recognized by Philippine law; that, as a consequence, the beneficiary is not entitled to second preference status as the wife of an alien permanent resident of the United States. On December 21, 1967 the petitioner was given notice that the Service intended to revoke the previously approved petition. The petitioner, through counsel, submitted another copy of the divorce decree terminating his first marriage and asserted only that the petitioner was free to marry for a second time. The sole issue to be decided is the validity for immigration purposes of the petitioner's second marriage.

The District Director pointed out that the leading cases on this point are *Matter of Whitehurst*, Int. Dec. No. 1751 (July 11, 1967), and *Matter of S— and L— and P—*, 8 I. & N. Dec. 177. The former case involved a divorce secured by a prior husband, a United States citizen, in the United States thereby terminating his marriage to the Filipino beneficiary, and the subsequent marriage of the petitioner, a United States citizen, to the same beneficiary, a native and citizen of the Philippines. This marriage was recognized for immigration purposes. The other case stood for the proposition that Philippine law does not bar recognition of an American divorce obtained by a naturalized United States citizen husband, formerly a Philippine national, thus dissolving marriage contracted in the Philippine Islands with the Philippine spouse; that the husband's subsequent marriage in the Philippine Islands was held valid, permitting acquisition of nonquota status by the second wife.

We are in agreement with the well-reasoned decision of the District Director that the present marriage is valid for immigration purposes; and that the difference between the instant case and the cited case, that one of the parties was a citizen of the United States at the time his sec-

ond marriage was contracted, while in this case both parties are still citizens of the Republic of the Philippines, does not warrant a different conclusion.

The petitioner's prior marriage was terminated by divorce obtained by the first wife in Hawaii. The petitioner at that time was a permanent legal resident of the United States and had been in that status since 1946. The court which granted the divorce had jurisdiction over the parties and there is no question that the petitioner's first marriage was validly and absolutely terminated by the divorce decree in Hawaii.

Both the full faith and credit clause of the Constitution and familiar principles of international law based upon comity require the acceptance at face value of a judgment regularly granted by a competent court unless a fatal defect is evident upon the judgment's face. A divorce decree regularly granted by a court in the United States should be accepted at face value and should be deemed to have terminated the prior marriage for immigration purposes. For the purpose of the immigration laws, a divorce regularly granted by a state court should be regarded as valid. A subsequent remarriage in conformity with the laws of that state or of any other state should be regarded as equally valid. In adopting this policy, the requirements of the law would be adhered to, proper effect would be given to judgments and proceedings of a sovereign state, and reasonable safeguards would thereby be erected to protect a properly solemnized marital relationship. The adoption of such a policy would unquestionably facilitate the administration of the immigration laws. *Matter of F—*, 8 I. & N. Dec. 251, 254.

The record establishes that the marriage ceremony was performed in accordance with the laws of the Philippines. There is nothing to show that this marriage has ever been questioned by a court of competent jurisdiction in the Philippines. A letter from the Philippine Undersecretary of Justice dated March 15, 1966, quoted in *Matter of Whitehurst*, Int. Dec. No. 1751, expressed the view that it is deemed sufficient pursuant to established procedures for executive officials to rely upon the legal presumption that a marriage duly contracted by the parties is valid, especially so where the question arises only in the issuance of a visa to a married woman desiring to enter her husband's country which recognizes absolute divorce.

The final issue relates to the failure of the petitioner to disclose his prior marriage to the priest who performed his present marriage. The Supreme Court of the Philippines has held that concealment of a prior marriage from the priest who solemnizes the second marriage cannot be considered sufficient proof of bad faith. *United States* v. *Enriques*, 32 Phil. 202.

745

The only difference between the two cited cases and the instant case is that the former involved divorces obtained by United States citizens terminating a prior Philippine marriage whereas the present case involves Filipinos and a Philippine marriage which was terminated by a divorce in the United States by persons over whom the divorce court had jurisdiction, and who were permanent lawful residents of the United States long prior to the divorce. It is concluded that the difference in the cases does not warrant any change in the finding that the petitioner has met the burden of establishing, for immigration and visa issuances purposes, a valid marriage to the beneficiary. The order of the District Director will be affirmed.

**ORDER:** It is ordered that the decision of the District Director dated March 27, 1968, terminating the revocation proceedings and approving the visa petition be and the same is hereby affirmed.